UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  99-6153-CR-MOORE

**COURT
EXHIBIT**
99-6153
CASE
NO. CR-MOORE

EXHIBIT A
NO.

UNITED STATES OF AMERICA

v.

ARMANDO VALENCIA-CORNELIO,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and ARMANDO VALENCIA-CORNELIO (hereinafter referred to as the "defendant") enter into the following agreement:

1.       The defendant agrees to plead guilty to count III of the fourth superseding indictment, which count charges him with conspiracy to import cocaine, in violation of Title 21, United States Code, Section 963.

2.       The United States agrees to seek dismissal of the remaining counts of the indictment, as to this defendant, after sentencing.

3.       The defendant is aware that his sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant understands that the court will determine his advisory sentence range under the Sentencing Guidelines, by relying in part on a Pre-Sentence Investigation conducted by the court's Probation Office after his guilty plea has been entered.   The defendant further understands that the court is required to consider the Sentencing Guidelines advisory range, but is not bound to impose that sentence; the court is permitted to decide his sentence based upon other

statutory concerns, and his sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

4.      The defendant understands and acknowledges that the court may impose a minimum term of imprisonment of 10 years, and may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release of at least 5 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $4 million.

5.      The defendant understands that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed. The defendant agrees that the special assessment shall be paid at the time of sentencing.

6.      The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and his background. Subject only to the express terms of any sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      The United States and the defendant jointly agree to recommend that the defendant be held accountable for offense conduct involving more than 150 kilos of cocaine for the purpose of sentencing guidelines computations under Guidelines Section 2D1.1.

8.      The United States agrees to recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's affirmative and timely acceptance of personal responsibility for his offense. If the defendant's guideline range is level 16 or above, the United States will move for an additional one-level reduction pursuant to Sentencing Guideline Section 3E1.1(b). The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. However, the United States will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the Probation Office of his relevant offense conduct; (2) is found to have misrepresented relevant facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement; including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any government entity or official.

9.      The United States and the defendant agree that they will not seek a sentence that is outside of the applicable Sentencing Guidelines range determined by the court, except as may be provided in this agreement.

10.     The defendant understands that if he is not United States citizen, his conviction for this offense may result in his probable or mandatory removal or deportation from the United States at the expiration of his term of imprisonment. Removal and deportation proceedings are entirely separate matters from this case, and neither the court nor counsel for either party can be certain of the effect on the defendant's immigration status of his guilty plea. The defendant nevertheless affirms that he wants to plead guilty even if this results in his automatic removal and exclusion from

3

the United States.

11.     The defendant is aware that his sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that he may receive, whether that estimate comes from his attorney, the government, or the Probation Office, is a prediction, not a promise, and is not binding on the government, the Probation Office, or the court. The defendant further understands that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands that he may not withdraw his guilty plea even if the court declines to accept any motions or recommendation made on his behalf.

12.     This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10-23-12          By: _____
                             FRANK H. TAMEN
                             ASSISTANT UNITED STATES ATTORNEY

Date: 10.28.12          By: _____
                             IRWIN LICHTER
                             ATTORNEY FOR DEFENDANT

Date: 10.28.12          By: _____
                             ARMANDO VALENCIA-CORNELIO
                             DEFENDANT

4