UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  99-06153-CR-MOORE

UNITED STATES OF AMERICA

vs.

ARMANDO VALENCIA,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION TO MODIFY JUDGEMENT

Defendant Armando Valencia has filed a motion seeking a reduction in his term of imprisonment.  The defendant invokes Federal Rule of Civil Procedure 60(b) for authority to modify his judgement.  He bases his request on his prison record, which he asserts demonstrates his "post sentencing rehabilitation."

Neither post-sentencing rehabilitation nor Federal Rule of Civil Procedure 60(b) authorize a court to reduce a sentence in a criminal case.  Indeed, the rule the defendant relies on does not apply to criminal cases.  *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) held so succinctly: "Rule 60(b) simply does not provide for relief from judgment in a criminal case . . .."  See also, *United States v. Blanco*, 632 Fed. Appx. 549, (11th Cir. 2015), non-published opinion.

The defendant correctly notes that Rule 60(b) can be used in a manner that has the effect of setting aside a judgment in a criminal cases, but that procedure is not available here. As

explained somewhat in <u>Gonzalez v. Crosby</u>, 125 S. Ct. 2641 (2005) it can be invoked in extraordinary cases to reverse judgments in *habeas corpus* cases that have been brought to challenge criminal convictions, because a *habeas corpus* case is considered a civil matter. However, the defendant is not now seeking to reverse a judgment in a *habeas* proceeding; he has never filed one.

The defendant has also not described any extraordinary circumstances justifying relief. Indeed, he has not identified *any* circumstances even suggesting relief. He provides a broad-ranging survey of cases involving Rule 60(b), but provides no factual or legal basis to show why it should apply to him in this case. There are only limited bases on which a court has jurisdiction to alter an established sentence in a criminal case, and this defendant has not shown, or even alleged, any that give this court either authority or reason to grant him the relief he seeks.

His motion must therefore be denied.

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

      By:  s/ Frank H. Tamen
          FRANK H. TAMEN
          Assistant United States Attorney
          Florida Bar No. 0261289
          99 NE 4th Street, Ste. 700
          Miami, Florida 33132
          Tel: (305) 961-9022
          Fax: (305) 536-7213
          Frank.Tamen@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a copy was sent via U.S. Mail to Armando Valencia, Reg. #98441-004, Federal Correctional Institution, 3600 Guard Road, Lompoc, CA 93436.

s/ Frank H. Tamen<br>
Frank H. Tamen<br>
Assistant United States Attorney